LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-06871 BRO (FFMx)** | Date | September 8, 2014 |
|---|---|---|---|
| Title | **CALIBRE INTERNATIONAL, LLC V. PRO STAR PROMOTIONS, INC. ET AL.** | | |

Present: The Honorable    **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**        (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

A federal court must determine its own jurisdiction even where there is no objection. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has jurisdiction over a civil action between citizens of different states where the matter in controversy exceeds $75,000.

In its Complaint, Plaintiff Calibre International, LLC asserts that there is complete diversity of citizenship between the parties because Plaintiff is "a California limited liability company with its principal place of business in Irwindale, County of Los Angeles, California," and Defendants Pro Star Promotions, Inc. and Donald A. Steinberg are citizens of the State of Illinois. (Compl. ¶¶ 1–3.) For purposes of determining diversity of citizenship, however, a limited liability company is considered to be a citizen of every state of which its members are citizens. *See Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Should any member of Plaintiff's company be an Illinois citizen, complete diversity would be destroyed, and the Court would lack subject matter jurisdiction under 28 U.S.C. § 1332. Thus, without more information, it remains unclear whether the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**LINK:**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-06871 BRO (FFMx)** | Date | September 8, 2014 |
|---|---|---|---|
| Title | **CALIBRE INTERNATIONAL, LLC V. PRO STAR PROMOTIONS, INC. ET AL.** | | |

      The Court hereby **ORDERS** Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff must file a response by **Friday, September 12, 2014 at 9 a.m.**

      **IT IS SO ORDERED.**

:

Initials of Preparer        rf